UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY A. FALCONBRIDGE,<br><br>                Plaintiff,<br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>                Defendant. | CASE NO. C20-0636JLR<br><br>ORDER ON MOTION TO AMEND, MOTION TO DISMISS, AND MOTION TO REMAND |

## I.  INTRODUCTION

There are three motions before the court:  (1) Defendant Bank of America, N.A.'s ("Bank of America") motion to dismiss Plaintiff Gary A. Falconbridge's complaint (MTD (Dkt. # 5); *see also* MTD Reply (Dkt. # 13)); (2) Mr. Falconbridge's motion to amend the complaint (MTA (Dkt. # 7); *see also* MTA Reply (Dkt. # 14)); and (3) Mr. Falconbridge's motion to remand this case to Washington State court (MTR (Dkt. # 9); *see also* MTR Reply (Dkt. # 15)).  Mr. Falconbridge opposes Bank of America's motion to dismiss (MTD Resp. (Dkt. # 8)), and Bank of America opposes Mr. Falconbridge's

ORDER - 1

motion to amend and motion to remand (MTA Resp. (Dkt. # 11); MTR Resp. (Dkt. # 12)). The court has considered the motions, the parties' submissions in support of and in opposition to the motions, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS Mr. Falconbridge's motion to amend, DENIES as moot Bank of America's motion to dismiss, and DENIES Mr. Falconbridge's motion to remand.

## II.    BACKGROUND

This action relates to real property located at 12023 Riviera Pl NE, Seattle, WA (the "Property"). (Compl. (Dkt. # 1-1) ¶ 2.2.) Mr. Falconbridge alleges that he was granted a fixed-rate line of credit for $151,752.90 on December 4, 2000.[1] (*Id.* ¶ 3.2.) He also alleges that he received a $610,876.10 fixed-rate loan from Bank of America in August 2001. (*Id.* ¶ 3.5.) Mr. Falconbridge does not indicate whether either of these loanss were secured by the Property. (*See generally* Compl.)

Mr. Falconbridge also obtained a $500,000.00 home equity line of credit ("HELOC") from Bank of America in December 2000. (*Id.* ¶ 3.3.) The HELOC was secured by a deed of trust recorded against the Property on December 13, 2000. (*Id.*) Mr. Falconbridge increased the HELOC's credit limit in 2001 to $910,000.00, secured by a new deed of trust recorded against the Property on April 6, 2001. (*Id.* ¶ 3.4.) After Mr. Falconbridge increased the credit limit on the HELOC, the deed of trust recorded December 13, 2000, was reconveyed. (*Id.* ¶ 3.11.) Bank of America rescinded that

---

[1] Mr. Falconbridge does not allege who granted his December 4, 2000, line of credit. (*See* Compl. ¶ 3.2.)

ORDER - 2

reconveyance in 2013, but then immediately recorded a new reconveyance. (*Id.* ¶¶ 3.11-3.12.)

Mr. Falconbridge alleges that Bank of America (1) denied his request to modify his loan, (2) combined his loans without his authorization, (3) adjusted his principal without authorization, (4) provided contradictory information about his outstanding loan balance, and (5) failed to timely provide loan documentation upon request. (*See id.* ¶¶ 3.6-3.7, 3.9-3.18.) Mr. Falconbridge stopped making payments on his any of the loans beginning in July 2012. (*Id.* ¶ 3.8.)

Mr. Falconbridge filed his complaint in King County Superior Court on April 2, 2020. (*Id.* at 11.) His initial complaint pleads causes of action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681; violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; violation of the Washington Consumer Protection Act ("CPA"), RCW ch. 19.86; slander of title; and quiet title. (Compl. ¶¶ 4.1-9.4.) Bank of America removed to this court on April 27, 2020 (*see* Not. of Removal (Dkt. # 1)), and subsequently filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss on May 4, 2020 (MTD at 10). On May 20, 2020, Mr. Falconbridge responded to the motion to dismiss, moved to amend the complaint, and moved to remand. (*See generally* MTD Resp.; MTA; MTR.)

Mr. Falconbridge's proposed amended complaint includes modest edits to the background factual allegations. (*See* Prop. Am. Compl. (Dkt. # 7-1) ¶¶ 3.1-3.18 (showing Mr. Falconbridge's proposed edits to his background factual allegations in redline).) However, the proposed amended complaint removes Mr. Falconbridge's

FCRA, FDCPA, slander of title, and quiet title causes of action; adds causes of action for breach of contract; and keeps Mr. Falcobridge's CPA claim.  (*See id.* ¶¶ 4.1-9.4 (showing Mr. Falconbridge's proposed edits to his causes of action in redline).)

### III.     ANALYSIS

**A.     Mr. Falconbridge's Motion to Amend**

Although Mr. Falconbridge seeks leave of court to amend his complaint (*see* MTA at 2), the Federal Rules of Civil Procedure grant him a right to amend his complaint as a matter of course.  *See* Fed. R. Civ. P. 15(a)(1).  Specifically, Rule 15(a)(1)(B) states that Mr. Falconbridge may amend his complaint "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(B).  Bank of America filed its Rule 12(b) motion on May 4, 2020.  (*See* MTD at 10.)  Mr. Falconbridge filed his proposed amendment 16 days later, on May 20, 2020.  (*See* MTA at 1; Prop. Am. Compl.)  Thus, Mr. Falconbridge has a right to amend his complaint as a matter of course, rendering his motion to amend "unnecessary."  *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) ("[The plaintiff'']s] motion to amend was unnecessary.  [The plaintiff] could have amended without leave of the court, since no responsive pleading had been filed.  The court should have granted this unnecessary request.") (citations omitted); *see also* 3 Moore's Federal Practice - Civil § 15.10 (2020) ("The court has no discretion to deny a timely amendment made 'as a matter of course.'  Provided the amendment is timely . . . , the terms of Rule 15(a)(1) normally provide an unfettered right.").  Accordingly, the court GRANTS Mr. Falconbridge's motion to amend his complaint.

**B.      Bank of America's Motion to Dismiss**

Bank of America's motion to dismiss targets Mr. Falconbridge's original complaint, which has now been superseded and rendered without legal affect due to the court's ruling on Mr. Falconbridge's motion to amend. *See Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) ("[I]t is well-established that an amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, the court DENIES as moot Bank of America's motion to dismiss, without prejudice to Bank of America filing a renewed motion to dismiss based on the allegations in the amended complaint, if appropriate. *See, e.g.*, *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("Plaintiff's Second Amended Complaint superseded the First Amended Complaint, and the First Amended Complaint ceased to exist.  Because the Defendants' motion to dismiss targeted the Plaintiff's First Amended Complaint, which was no longer in effect, we conclude that the motion to dismiss should have been deemed moot before the district court granted it.").

**C.      Mr. Falconbridge's Motion to Remand**

Removal of a civil action to federal district court is proper where the federal court would have original jurisdiction over the state court action. *See* 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1441(a), an action must "be fit for federal adjudication when the removal petition is filed." "If it appears that the federal court lacks jurisdiction, however, 'the case shall be remanded.'" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 143 (2005) (quoting 28 U.S.C. § 1447(c)). Federal courts strictly construe the removal statute and must reject jurisdiction if there is any doubt as to the right of removal in the first

instance.  *See Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Thus, the defendant has the burden of establishing that removal is proper.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

Mr. Falconbridge argues that this case should be remanded to Washington state court because his amended complaint no longer includes the federal causes of action that gave rise to this court's original jurisdiction under 28 U.S.C. § 1331.  (*See* MTR at 3.)  However, 28 U.S.C. 1441(a) "requires that a case be 'fit for federal adjudication at the time [a] removal petition is filed.'"  *City of Oakland v. BP PLC*, 960 F.3d 570, 583 (9th Cir. 2020) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996)).  Accordingly, courts have "long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court."  *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006); *see also Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers*, 159 F.3d 1209, 1213 (9th Cir. 1998) *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, --- U.S. ---, 136 S. Ct. 1562 (2016) ("A plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based.").  At the time Bank of America removed this case, the court had federal question jurisdiction over this case due to Mr. Falconbridge's FDCPA and FCRA claims because those claims arise under federal law.  *See* 28 U.S.C. § 1331; (Not. of Removal at 2).  Because the court had federal question jurisdiction over the FDCPA and FCRA claims, the court also had supplemental jurisdiction over Mr. Falconbridge's

state law claims under 28 U.S.C. § 1367.  *See* 28 U.S.C. § 1367(a).  Accordingly, at the time that Bank of America removed this case, this case was "fit for federal adjudication." *Caterpillar*, 519 U.S. at 73.  As such, removal was proper, and the court DENIES Mr. Falconbridge's motion to remand.

Mr. Falconbridge argues that now that his federal claims have been "dismissed," the court has discretion to decline supplemental jurisdiction over his state law claims. (*See* MTR at 2); *see also* 28 U.S.C. § 1367(c)(3) (noting that the court may decline to exercise supplemental jurisdiction if the court "has dismissed all claims over which it has original jurisdiction").  The court rejects this argument because Mr. Falconbridge's federal claims have not been "dismissed."  Instead, Mr. Falconbridge amended his complaint and voluntarily removed his federal claims.  (*See generally* MTA.) Remanding this case based on Mr. Falconbridge's voluntary removal of his federal claims would run afoul of the well-established rule that "[a] plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based."[2]  *Sparta Surgical Corp.*, 159 F.3d at 1213.  Accordingly, the court declines to remand this case based on Mr. Falconbridge's voluntary removal of his federal claims.[3]

//

---

[2] Even if Mr. Falconbridge is correct that the court has discretion to remand this case under 28 U.S.C. § 1367(c), the court would not exercise that discretion in this case.

[3] Because the court concludes that this case was removable based on federal question jurisdiction, the court declines to address Bank of America's argument that the court also has diversity jurisdiction over this case.  (*See* MTR Resp. at 3.)

## IV. CONCLUSION

For the reasons set forth above, the court GRANTS Mr. Falconbridge's motion to amend (Dkt. # 7), DENIES as moot Bank of America's motion to dismiss (Dkt. # 5), and DENIES Mr. Falconbridge's motion to remand (Dkt. # 9). The court ORDERS Mr. Falconbridge to file his proposed amended complaint (*see* Prop. Am. Compl.) on the court's electronic docket within ten days of the filing date of this order.

Dated this 20th day of July, 2020.

JAMES L. ROBART
United States District Judge